IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

CHRISTINE JOHNSON,                :
                                  :
    Plaintiff,                    :
                                  :
v.                                :    CIVIL ACTION 04-0380-M
                                  :
JO ANNE B. BARNHART,              :
                                  :
    Defendant.                    :


MEMORANDUM OPINION AND ORDER


    In this action under 42 U.S.C. § 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied a claim for Supplemental Security Income (hereinafter *SSI*). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 21). Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is **ORDERED** that the decision of the Commissioner be **REVERSED** and that this action be **REMANDED** for further action not inconsistent with the Orders of this Court.

    This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health

and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

Plaintiff was born September 11, 1961. At the time of the administrative hearing, Johnson was forty-two years old, had a tenth-grade education (Tr. 210-22), and had previous work experience as a fish cleaner, a packer, and a sewing machine operator (*see* Tr. 211-12, 220). In claiming benefits, Plaintiff alleges disability due to arthritis, chronic back pain, obesity, and mild mental retardation (Doc. 11).

Johnson filed a protective application for SSI on August 2, 2002 (Tr. 29-32). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Johnson could perform her past relevant work at the light level (Supp. Tr. 1-11). Johnson requested review of the hearing decision (Tr. 7-11) by the Appeals Council, but it was

2

denied (Tr. 4-6).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Johnson alleges that:  (1) The ALJ improperly rejected the opinions and conclusions of her treating physician; (2) the ALJ improperly ignored the opinion of a consulting psychologist; (3) she meets the requirements of Listing 12.05C; and (4) the ALJ failed to properly consider her obesity (Doc. 12).  Defendant has responded to—and denies—these claims (Doc. 17).

Plaintiff's first claim is that the ALJ did not accord proper legal weight to the opinions, diagnoses and medical evidence of Plaintiff's physician.[1]  Johnson specifically refers to her physician, Dr. Katherine C. McVinnie.  It should be noted that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion."  *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981);[2] *see also* 20 C.F.R. § 404.1527 (2004).

---

[1] Because the Court finds merit in this claim, it is unnecessary to address the other claims raised by Johnson.

[2] The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

The Court notes that Dr. McVinnie examined Plaintiff at Holifield Clinic several times over the course of one and one-half years (Tr. 134, 139, 153-55); Plaintiff was seen at the Clinic by many physicians over a two and one-half year period, generating medical notes of fifty-three pages (Tr. 130-82). On December 31, 2003, McVinnie completed a medical source statement in which she indicated that Johnson was capable of sitting, standing, and walking, each, for one hour at a time, but capable of all of these activities for four hours each during an eight-hour day (Tr. 203).  The doctor further indicated that Plaintiff could lift up to five pounds continuously, twenty-five pounds frequently, and fifty pounds occasionally; Johnson could carry up to five pounds continuously, twenty pounds frequently, and fifty pounds occasionally (*id.*).  McVinnie found Plaintiff capable of simple grasping, pushing and pulling of arm controls, and fine manipulation, with both hands, continuously; pushing and pulling of leg controls could be performed frequently on the right, but only occasionally on the left (*id.*).  The doctor stated that Johnson could never stoop, crouch, kneel, crawl, or balance and could only climb and reach overhead occasionally (Tr. 204).  Dr. McVinnie stated that Plaintiff wold have to miss work approximately three times a month

because of arthritis in her lumbar-spine, supported by x-ray (*id.*).  The doctor also completed a pain questionnaire in which she stated that Johnson had pain, but that it would not prevent functioning in everyday activities or work but that physical activity would greatly increase her pain and would distract her from completing what she was doing (Tr. 205).  Though the side effects of Plaintiff's medications would be only mildly troublesome, the pain and side effects together would be severe and limit effectiveness of working (Tr. 2025-06).  Dr. McVinnie found that pain would remain a significant factor in Johnson's life (Tr. 206).

In his decision, the ALJ reported Dr. McVinnie's opinions and conclusions (Supp. Tr. 7).  The ALJ then determined that Plaintiff could perform work at the light level.  Light work has been defined as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting

>     factors such as loss of fine dexterity or
>     inability to sit for long periods of time.

20 C.F.R. § 404.1567(b) (2004).  The ALJ went on to state that "[t]he record does not contain an opinion from a treating physician indicating that the claimant is disabled or even has limitations greater than those determined in this decision" (Supp. Tr. 9).

   The Court notes that although the ALJ specifically stated what weight he was—or was not—giving certain doctors, he never stated what weight was being given to the opinions of Dr. McVinnie (Supp. Tr. 8).  The ALJ is required to "state specifically the weight accorded to each item of evidence and why he reached that decision."  *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).  While it is this Court's experience that ALJ's routinely neglect to do this for all evidence considered, it usually does not result in the Court's inability to reconcile the evidence with the determination made.

   That is not the case here.  The ALJ specifically noted Dr. McVinnie's statement that Plaintiff would need to miss approximately three days a month because of arthritis (Supp. Tr. 7).  The vocational expert stated, at the hearing, that the accepted number of absences in unskilled jobs is, at most,

6

only two a month (Tr. 222). Nevertheless, the ALJ found Johnson capable of performing light work while failing to address this discrepancy.[3] The ALJ's opinion fails to state what weight he gave Dr. McVinnie's opinions and to reconcile her conclusions with his own determination.

Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence. Therefore, it is **ORDERED** that the decision of the ALJ be **REVERSED** and that this action be **REMANDED** to the Social Security Administration for further administrative proceedings consistent with this opinion, to include, at a minimum, a supplemental hearing for gathering evidence of Plaintiff's ability to work. Judgment will be entered by separate order.

DONE this 20th day of May, 2005.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court is aware that the ALJ rejected Plaintiff's complaints of pain and assertions of limitations in her daily activities (Supp. Tr. 8-9). These findings, however, do not address the opinion of Dr. McVinnie.